UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80029-CIV-SINGHAL

FABIOLA MUNOZ,

    Plaintiff,

v.

SOUTH FLORIDA FAIR AND PALM
BEACH COUNTY EXPOSITIONS, INC.,
and LIVE NATION WORLDWIDE, INC.
d/b/a ITHINK FINANCIAL
AMPITHEATRE,

    Defendants.
_____/

## OPINION AND ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Defendants' Affirmative Defenses, filed on March 10, 2022 (the "Motion") (DE [21]). Defendant filed a Response on March 24, 2022 (DE [22]). Plaintiff filed a Reply on April 8, 2022 (DE [27]). The Motion is now ripe for this Court's consideration.

**I.   BACKGROUND**

This is a lawsuit under the Americans with Disabilities Act ("ADA") and 28 U.S.C. §§ 2201 and 2202. *See* Compl. ¶ 1 (DE [1]). Plaintiff alleges that Defendant, owner and operator of an amphitheater in West Palm Beach, FL, has failed to make its facilities accessible to individuals with disabilities and, in so doing, effectively discriminates against physically disabled persons. *Id.* ¶ 10. Plaintiff is a disabled person who requires use of a wheelchair to ambulate due to a T-12 fracture that causes loss of use to her lower extremities. *Id.* ¶ 13. In November 2021, Plaintiff visited Defendant's amphitheater to

attend a Chris Appleton concert and alleges that she encountered multiple ADA violations. *Id.* ¶ 16.

First, Plaintiff alleges the parking lot is not level and is unsafe to Plaintiff when loading/unloading from a vehicle in violation of the ADAAG and ADAS Section 502. *Id.* ¶ 25. (While not defined in the Complaint, the Court will take ADAAG to represent the Americans with Disabilities Act Accessibility Guidelines, and ADAS to represent Americans with Disabilities Act Standards). Second, Plaintiff alleges the entrance access and path of travel at the amphitheater have cross slopes in excess of 2% and changes in level in excess of ¾" creating hazardous conditions in violation of ADAAG and ADAS Section 502. *Id.* Third, Plaintiff alleges the counters at the amphitheater are in excess of (higher than) 36", preventing Plaintiff from using them in violation of Section 7.2(1) of the ADAAG. Fourth, Plaintiff alleges the aisles, hallways, and corridors of the amphitheater have abrupt vertical changes of cross slopes, unsafe slopes, unsafe ramp slopes, and inadequate handrails and landings creating hazardous conditions for Plaintiff. *Id.* Fifth, Plaintiff alleges various public restroom violations of the ADA and its accompanying regulations, including inaccessible mirrors, inaccessible dispenser controls, inadequate stall doors, noncompliant grab bars and attendant accessories, noncompliant toilets, noncompliant toilet flush valves, and other noncompliant bathroom amenities. *Id.* Plaintiff seeks declaratory relief, injunctive relief, and attorney fees and costs. *Id.* ¶ 31, 34. Furthermore, Plaintiff seeks an inspection of the amphitheater in order to examine the premises for ADA violations. *Id.* ¶¶ 28, 29, 32.

II. **LEGAL STANDARD**

2

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure ("Rules"), a party may move to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Motions to strike, however, are generally disfavored by the court.  *See Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991).  Striking allegations from a pleading, however, "is a drastic remedy to be resorted to only when required for the purposes of justice" and only when the stricken allegations have "no possible relation to the controversy."  *Augustus v. Bd. of Pub. Instruction of Escambia County., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962).  In reviewing a motion to strike, the circumstances must be considered in the light most favorable to the non-moving party, and such a motion "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Poston v. American President Lines, Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978) (citing *Augustus*, 306 F.2d at 868).  That stated, an affirmative defense may be stricken if the defense is "insufficient as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).  A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.  *Id.*

### III.  DISCUSSION

Plaintiff moved to strike Affirmative Defense Nos. 1, 4, and 5. *See* Motion. Defendant withdrew Affirmative Defense No. 5. *See* Response, at 8. Accordingly, the Court will analyze whether Affirmative Defenses Nos. 1 and 4 should be stricken.

### A. Affirmative Defense No. 1

3

Affirmative Defense No. 1 provides "Plaintiff made no pre-suit effort to obtain voluntary remediation of any alleged barriers to access. Therefore, even if she prevails in this action, Plaintiff should not be awarded attorneys' fees and costs. *See Macort v. Checker Drive-In Restaurants, Inc.*, No. 8:03-CV-1328-T-30EAJ, 2005 WL 332422 (M.D. Fla. Jan. 28, 2005)." Defendant's Answer and Defenses to Plaintiff's Compl. (DE [9], at 5). Plaintiff contends that the Eleventh Circuit has held the ADA does not require pre-suit notice for claims against private public accommodations. *See* Motion, at 3–4. According to Plaintiff, the case cited by Defendant to justify its affirmative defense predated the Eleventh Circuit decision in *Ass'n of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359–60 (11th Cir. 2006).

Defendant responds that, in asserting an affirmative defense, it need only put Plaintiff on notice of the nature of the defense and the grounds upon which it rests. *See* Response, at 3. Defendant challenges Plaintiff's discussion of *Neptune Designs* by citing additional language from the decision:

> Of course, in awarding attorney's fees, a district court has discretion to consider, among other things, whether the litigation is frivolous or whether the plaintiff declined to settle after receiving a fair offer of judgment. *See, e.g.,* Fed. R. Civ. P. 11, 68. And, a **district court may consider whether the plaintiff's failure to ask for or to accept voluntary compliance prior to suit indicates that the plaintiff has acted in bad faith, has been unduly litigious, or has caused unnecessary trouble and expense**.
>
> We stress that pre-suit notice is not required to commence suit under the ADA and that lack of pre-suit notice does not compel a reduction of the requested fee award. But **where the factual record supports a finding that the plaintiff filed or maintained a suit unnecessarily, a district court may properly consider such a finding in setting the amount of attorney's fees**.

*Neptune Designs, Inc.*, 469 F.3d at 1360 (footnotes omitted and emphasis added). Defendant asserts that its affirmative defense neither suggests the case should be dismissed for lack of pre-suit notice nor that it compels the court to reduce the fee. *See* Response, at 4. According to Defendant, *Neptune Designs* holds that a district court may consider lack of pre-suit notice when exercising its discretion to set an attorney fee award. *Id.* Thus, Defendant urges, a district court may, in its discretion, determine attorney fees are not reasonable due to the lack of pre-suit notice. *Id.* Finally, Defendant contends that, by asserting this affirmative defense, it is simply putting Plaintiff on notice that, if Plaintiff prevails, Defendant will take the position that any attorney fee award should be reduced because of the lack of pre-suit notice. *Id.*

Second, Defendant asserts that the question of whether to strike an affirmative defense is not a question of whether the affirmative defense has or lacks merit. *Id.* at 5. Rather, Defendant argues, that is a question properly determined by the Court after consideration of dispositive motions, the evidence presented at trial, and any post-trial submissions. *Id.* At this stage, Defendant explains, the proper inquiry is whether the affirmative defense is patently frivolous or clearly invalid as a matter of law. *Id.*

Plaintiff replies that Defendant has effectively argued that no attorney fees be awarded, which is wholly contrary to the intent of the ADA. *See* Reply, at 3. Plaintiff proceeds to cite non-Eleventh Circuit precedent for the proposition that not allowing fees for lack of pre-suit notice would add an additional element to the ADA that does not exist in the text. *Id.* Second, Plaintiff asserts that, to the extent *Neptune* held that a district court could negatively alter an attorney fee award, that case does not stand for the proposition

5

that a Plaintiff should not be entitled to any fees. *Id.* Rather, if fees are to be affected, the court is limited to determining whether a reduction in the fee award is appropriate. *Id.*

The Court agrees with Plaintiff to the extent that the ADA does not require pre-suit demand and this Court will not read into the statute a new element that can be found nowhere in the text. Nevertheless, the Eleventh Circuit has instructed this Court to consider "whether [a] plaintiff's failure to [make pre-suit demand] indicates that the plaintiff has acted in bad faith, has been unduly litigious, or has caused unnecessary trouble and expense." *Neptune Designs, Inc.*, 469 F.3d at 1360. If the Court finds in the affirmative, this Court "may properly consider such a finding in setting the [attorney fee award]." *Id.* Thus, this Court may properly consider the above-mentioned factors in exercising its discretion to set an attorney fee award. The Court could conceivably order no attorney fee award, a full attorney fee award, or some amount in between. Defendant's affirmative defense simply contends that this Court ought to select the first of those three options in exercising its discretion. The Defendant properly gives notice to Plaintiff that it will raise this defense and asserts the basis of law upon which it rests. To prove this defense, Defendant will have to proffer facts that show plaintiff, in choosing not to make pre-suit demand, "acted in bad faith, [was] unduly litigious, or [] caused unnecessary trouble and expense" to such a degree as to warrant no attorney fee award. *See Neptune Designs, Inc.*, 469 F.3d at 1360. Thus, this defense is clearly sufficient as a matter of law because it is neither frivolous nor invalid. Accordingly, the Court denies Plaintiff's Motion to Strike as to Affirmative Defense No. 1.

### B. Affirmative Defense No. 4

Affirmative Defense No. 4 provides "Plaintiff's claims are or will become moot before this action is finally adjudicated as Defendants either have removed, or will remove, any actual barrier to access identified in Plaintiff's Complaint to the extent such barrier removal is readily achievable and technically feasible, or otherwise required under the ADA." Defendant's Answer and Defenses to Plaintiff's Compl. (DE [9], at 6). Plaintiff asserts this affirmative defense constitutes a bare-bones conclusory allegation that must be stricken because it fails to put Plaintiff on notice of the grounds on which the defense rests and it lacks "factual context." *See* Motion, at 5 (citing *Longhini v. Matanazas Shopping Center I. Inc.*, No. 18-24787 (S.D. Fla. Feb. 27, 2019)). In other words, "[t]his defense merely states a legal doctrine . . . without any factual context to this action." *Oriole Gardens Condominiums Ass'n I v. Aspen Specialty Ins. Co.*, 2012 WL 864629, at *2 (S.D. Fla. Mar. 13, 2012). Second, Plaintiff argues that Defendant's vague affirmative defense is insufficient to moot the case. *See* Motion, at 4–5. Plaintiff cites *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1184 (11th Cir. 2007) for the proposition that "[a] defendant's assertion that it has no intention of reinstating the challenged practice does not suffice to make a case moot and is but one of the factors to be considered in determining the appropriateness of granting an injunction against the now-discontinued acts." (cleaned up). Plaintiff additionally cites *Haynes v. Hooters of America, LLC*, 893 F.3d 781, 784 (11th Cir. 2018) for the proposition that, so long as barriers to access remain on a property, an ADA case is not moot even if a defendant has made assurances to remediate.

Defendant responds that this affirmative defense is not a bare-bones conclusory defense that fails to put the Plaintiff on notice of the grounds on which it rests because

7

the specific barriers to access are identified in Plaintiff's complaint. *See* Response, at 6. Thus, Defendant contends, they are putting Plaintiff on notice that they intend to remove all these barriers, and to the extent such removal is readily achievable prior to trial in this action, once completed, Plaintiff's claim will become moot. *Id.* Defendant emphasizes that it only need provide fair notice of the nature of its defense and the grounds upon which it rests, which Defendant argues Affirmative Defense No. 4 has done. *Id.* at 6. Defendant argues the *Longhini* case cited by Plaintiff is inapplicable here because that case did not involve a similarly plead defense to the one at issue here. In that case, Defendant explains, the court struck the defense that the relief sought would constitute an undue burden to defendant, the defense that the relief sought was not readily achievable by defendant, and the defense that alternative methods were available to plaintiff to obtain defendant's goods and/or services. *See* Response, at 6. Similarly, Defendant asserts that Plaintiff's invocation of *Sheely* is not persuasive because the defense asserted here is not that Plaintiff's claims will be mooted due to the mere intention to remove the architectural barriers at issue, but rather that Plaintiff's claim will become moot after the architectural barriers are actually eliminated. *Id.* at 7.

Defendant next argues that the *Hooters* case is likewise not persuasive because Defendant is not simply alleging that it will remediate at some unknown future time as to yet unidentified barriers. First, Defendant argues, the barriers are not "unidentified," but are specifically listed out in Plaintiff's complaint. *Id.* at 8. Second, the future time is before this action has been finally adjudicated—before trial is completed, which is set to commence on January 6, 2023. *Id.* Defendant asserts that *Hooters* is distinguishable because the defendants there argued that their present intention to eliminate barriers to

8

access was sufficient to moot Plaintiff's claims before said barriers were actually eliminated. *Id.* Here, unlike *Hooters*, Defendant explains, the affirmative defense is that Plaintiff's claims will become moot after the barriers to access are actually eliminated. Defendant's intention to eliminate said barriers, Defendant explains, is wholly irrelevant to this affirmative defense. *Id.*

Plaintiff replies that this affirmative defense is nevertheless vague because it contains limitations such as "to the extent technically feasible" and "required under the ADA." *See* Reply, at 3. Thus, according to Plaintiff, the criteria used to determine which barriers fall into these categories are vague. *Id.* Moreover, Plaintiff adds, Defendant fails to specifically identify which barriers it intends to remediate. *Id.* Second, Plaintiff contends this affirmative defense must be dismissed because, again, the promise to remediate does not remove Defendant's liability in an ADA case so long as the barriers remain. *Id.*

The Court agrees with Defendant. This affirmative defense effectively puts Plaintiff on notice that Defendant will perform ADA-required remediation, this remediation will occur before this lawsuit is completed, and when this remediation *actually* occurs, this controversy will become moot. The specific ADA violations are expressly identified in Plaintiff's Complaint, as discussed *supra* section I. And Defendant only limits this remediation to what is technically possible and required by the ADA. Defendant is not stating that its mere intention to remediate is sufficient to moot this action. Rather, Defendant is stating that, upon completing all ADA-required remediation prior to the conclusion of this lawsuit, the lawsuit will become moot. For Defendant to successfully assert this affirmative defense, the condition precedent of ADA-required remediation must

occur. Thus, the Court finds that Plaintiff's Motion is denied as to Affirmative Defense No. 4.

Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

Plaintiff's Motion to Strike Defendants' Affirmative Defenses (DE [21]) is **GRANTED in part and DENIED in part**.

    a. Plaintiff's Motion is **DENIED** as to **Affirmative Defenses Nos. 1 and 4**.

    b. Plaintiff's Motion is **GRANTED** as to **Affirmative Defense No. 5**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 31st day of May 2022.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF